IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FARIDEH RICHARDSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:23-00059-CV-RK |
| JULIE DALASTA, PRICE CHOPPER, SENTRY INSURANCE COMPANY, | ) |
| Defendants. | ) |

# ORDER

Before the Court are two defense motions: (1) Defendant Price Chopper's (properly denominated Cosentino Enterprises Inc.) motion to dismiss for insufficient service and lack of jurisdiction (Doc. 27), and (2) Defendant Sentry Insurance Company's motion to dismiss for insufficient service and lack of jurisdiction (Doc. 28). For the reasons set forth below, the motions are **GRANTED** and the case is **DISMISSED without prejudice**.

## Background

Plaintiff Farideh Richarson filed this action on January 27, 2023. Plaintiff's petition alleges that she slipped and fell at a Price Chopper store on March 30, 2020, due to "floor covered with coke pop without a wet floor sign," and was injured. (Doc. 1-1.) Defendant Julie Dalasta removed the case to federal court on January 27, 2023. (Doc. 1.) Plaintiff filed an amended complaint on February 21, 2023, that did not name Julie Dalasta as a defendant. (Doc. 11.)

The Court entered an Order to show cause on June 5, 2023. (Doc. 13.) Specifically, the Court ordered Plaintiff to show cause by June 20, 2023, why the case should not be dismissed for failure to prosecute because Plaintiff had never obtained a summons to effect service on the new defendants named in her amended complaint. (*Id.*) The Order warned Plaintiff that failure to respond by the deadline would result in dismissal of the case without prejudice without further notice. (*Id.*)

After Plaintiff made three more filings, the Court entered an Order finding that Plaintiff's filings said nothing about service of process, but reaffirmed Plaintiff's desire to sue the defendants. (Doc. 17.) The Court noted that Plaintiff also separately moved for an opportunity to appear before

the Court and held that because Plaintiff had not suggested that there were extraordinary and emergent circumstances, it would not hold an *ex parte* conference. (*Id.*) Because no defendant had been served with process, Plaintiff's request for a Court conference was denied. (*Id.*) The Court did not dismiss the case, in the interest of resolving the case on the merits, but ordered Plaintiff to procure, within ten days, a summons from the Clerk's Office to serve every defendant. (*Id.*) The Court ordered Plaintiff to ensure that service of process was completed for each defendant by a person over the age of 18 years who was not a party to this case, as the relevant rules require, and then to file with the Court documentation, such as an affidavit of service by the person who effected service, showing that service was completed. (*Id.*) The Court warned that failure to obtain service on each defendant and file the appropriate documentation within 40 days would result in dismissal of this case, without prejudice, without further notice. (*Id.*)

Plaintiff filed a motion to appoint counsel (Doc. 18) and two additional filings (Docs. 19, 20). The Court denied Plaintiff's motion to appoint counsel without prejudice as premature. (Doc. 21.) As to Plaintiff's filing in Document 19, the Court ordered:

> Plaintiff appears to suggest that she cannot effect service of process because of poverty and requests that the Court order the U.S. Marshal to effect service on her behalf. Doc. 19. If Plaintiff wishes to proceed in this Court without paying fees and costs relating to service, she may move to proceed in forma pauperis. Forms for pro se applications for in forma pauperis status are available through the Clerk's Office. If the Court grants Plaintiff's request to proceed in forma pauperis, then the Court will order the U.S. Marshal to obtain service on the defendants. If the Court finds that Plaintiff is not entitled to proceed in forma pauperis, then Plaintiff alone will be responsible for obtaining service. Any motion for leave to proceed in forma pauperis must be filed, with the required supporting documentation, on or before July 20, 2023.

(Doc. 22.) As to Document 20, the Court ordered:

> The pro se plaintiff originally sued Julie Dalasta in state court. Defendant then removed this case to federal court. Plaintiff thereafter amended her complaint, specifying that she did not intend to sue Dalasta and naming two new defendants. Doc. 11. Now, 4.5 months after amending her complaint to exclude Dalasta following Dalasta's filing of a motion to dismiss, the pro se plaintiff seeks to add Dalasta as a defendant once again, alleging that Dalasta destroyed certain documentation that Plaintiff sent her. Doc. 20. The Court construes Plaintiff's motion as one seeking to amend the complaint, but denies it for failure to include the proposed amended complaint. If Plaintiff wishes to sue Julie Dalasta in addition to the other Defendants, she must, on or before July 26, 2023, file a motion to amend

the complaint that includes a proposed second amended complaint setting forth the
allegations and claims against every defendant she seeks to sue.

(Doc. 23.)

On July 25, 2023, the case was transferred from Judge Nanette Laughrey to Judge Roseann Ketchmark. (Doc. 24.) Plaintiff did not file a motion to amend the complaint, but rather, filed an amended complaint on July 25, 2023, naming Julie Dalasta, Cosentino's Price Chopper, and "Price Chopper Insurance- Sentry at WI" (Sentry Insurance Company) as defendants. (Doc. 25.) Plaintiff did not file an application to proceed *in forma pauperis* but filed a financial affidavit. (Doc. 26.)

### Discussion

Defendant Cosentino Enterprises Inc. ("Cosentino's") argues that because Plaintiff has failed to properly serve it and because Plaintiff's claims in federal court fail for lack of subject matter jurisdiction, the Court should dismiss the case with prejudice pursuant to Federal Rule of Civil Procedure 41(b). (Doc. 27.) Defendant Sentry Insurance Company ("Sentry") argues that despite this Court's orders, Plaintiff has failed to effect valid service of process on Sentry, and Plaintiff's Second Amended Complaint, like her prior complaints, asserts no allegation and no plausible claim for relief against Sentry. (Doc. 28.) Defendant Sentry contends that therefore, the Court should dismiss Plaintiff's Second Amended Complaint with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). (Doc. 28.)

### I. Legal Standards

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it[,]" and that, "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Rule 12(b)(1) provides that a defendant may assert by motion the defense of lack of subject matter jurisdiction. Rules 12(b)(5) and 12(b)(6) provide that a defendant may assert by motion the defenses of insufficient service of process and failure to state a claim upon which relief can be granted.

Rule 12(h)(3) instructs: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 126 S. Ct. 1235, 1240, 163 L. Ed. 2d 1097 (2006).

## II. The Court Does Not Have Subject Matter Jurisdiction

Defendant Cosentino's argues Plaintiff's only allegation as to federal question jurisdiction is "5 years" on her pro se form complaint and is insufficient to articulate a federal question to give rise to this Court's subject matter jurisdiction.

Federal courts have limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Generally speaking, federal courts have subject matter jurisdiction when a case involves (1) a federal question (that is, the civil action "aris[es] under the Constitution, laws, or treaties of the United States"), or (2) diversity of citizenship (that is, the civil action involves citizens of different states and the amount in controversy exceeds $75,000). *See* 28 U.S.C. §§ 1331, 1332(a). Plaintiff, as "[t]he party asserting [federal] jurisdiction[,] bears the burden of establishing that a cause lies within the federal court's limited jurisdiction." *Andron v. Gonzales*, 487 F. Supp. 2d 1089, 1091 (W.D. Mo. 2007) (citation omitted). Dismissal under Rule 12(b)(1) is appropriate, therefore, if Plaintiff "has failed to establish, on the face of the complaint or on the factual truthfulness of its averments that federal subject matter jurisdiction exists." *InfoDeli, LLC v. W. Robidoux, Inc.*, No. 4:15-CV-00364-BCW, 2016 WL 6963163, at *1 (W.D. Mo. Feb. 26, 2016) (citation and quotation marks omitted).

When reviewing a pro se complaint, the Court must construe it liberally. *Jordan v. Dep't of Pub. Works*, 502 F. Supp. 319, 320 (E.D. Mo. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 99 (1976)); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (citations and quotation marks omitted). However, while "pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Here, Plaintiff's amended form complaint does not have any box checked in the "Basis for Jurisdiction" section. (Doc. 25 at 3-4.) In the "Federal question" subsection, Plaintiff wrote "5 years" and underlined the words "federal treaties" and "provisions," and wrote above them "federal states united states" and "constitution." (*Id.* at 3.) Liberally construing these allegations as indicating there is a question in this case arising under the United States Constitution or a federal treaty, and that the laws under which the claims arise provide for a five-year statute of limitations, the Court finds Plaintiff does not support the conclusory allegation of a federal question with any supporting factual allegations.

Plaintiff's factual allegations are that she slipped on cola on the floor at a Kansas City Price Chopper and fell, hitting the floor very hard, causing injuries. (*Id.* at 4-5.) She alleges the Defendants tried to throw her out of the store. She alleges her injuries are such that doctors told her she has to take medications for life. (*Id.* at 5.) Plaintiff acknowledges that there is no federal government, official, or agency involved. Plaintiff does not make, and even under a liberal construction, the Court is unable to decipher, a connection between Plaintiff's factual allegations of personal injury due to slip and fall and any federal question arising under any federal law, treaty, or the Constitution.

The other potential category of federal subject matter jurisdiction is diversity jurisdiction, as mentioned above. Plaintiff's allegations establish that there is not complete diversity. Plaintiff alleges that she resides in Missouri and that Defendant Cosentino's is a Missouri corporation. These allegations establish that there is not diversity that would give the Court subject matter jurisdiction.

Because Plaintiff fails to allege facts supporting either federal question jurisdiction or diversity jurisdiction, the Court does not have subject matter jurisdiction, and therefore this case must be dismissed.

### III. Conclusion

Accordingly, and after careful consideration, Defendants' motions to dismiss are **GRANTED** and Plaintiff's case is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: September 14, 2023