IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FARIDEH RICHARDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-cv-00059-RK |
| ) | |
| JULIE DALASTA; PRICE CHOPPER; ) | |
| SENTRY INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court are two motions filed pro se by Plaintiff (Docs. 36, 37), both of which the Court construes as a motion for reconsideration. Defendant Sentry Insurance opposes the motions. (Doc. 38.). For the reasons set forth below, Plaintiff's pro se motions for reconsideration are **DENIED**.

### Background

Plaintiff Farideh Richarson filed this action on January 27, 2023. Plaintiff's petition alleges that she slipped and fell at a Price Chopper store on March 30, 2020, due to "floor covered with coke pop without a wet floor sign," and was injured.[1] (Doc. 1-1.) Defendant Julie Dalasta removed the case to federal court on January 27, 2023. (Doc. 1.) Plaintiff filed an amended complaint on February 21, 2023, clarifying that "Petitioner is suing consentino price chopper not Julia delasta. Julia delasta is insurance representative for price chopper." (Doc. 11.)

The Court entered an Order to show cause on June 5, 2023. (Doc. 13.) Specifically, the Court ordered Plaintiff to show cause by June 20, 2023, why the case should not be dismissed for failure to prosecute because Plaintiff had never obtained a summons to effect service on the new defendants named in her amended complaint. (*Id.*) The Order warned Plaintiff that failure to respond by the deadline would result in dismissal of the case without prejudice without further notice. (*Id.*)

---

[1] Plaintiff named only one defendant in the Petition – "Julie Dalasta, Claims Representative Parker Services, LLC (a member of Sentry Insurance Groups for Cosentino Enterprises Inc." (Doc. 1-1 p. 10.)

After Plaintiff made three more filings (Docs. 14, 15, 16), the Court entered an Order on June 26, 2023, finding that Plaintiff's show cause "response [said] nothing about service of process, but reaffirm[ed] Plaintiff's desire to sue the defendants." (Doc. 17.) The Order noted that Plaintiff also separately moved in Document 15 for an opportunity to appear before the Court. Regarding Plaintiff's request to appear before the Court, the Order (1) denied an "*ex parte* conference" because Plaintiff had not suggested that there were extraordinary and emergent circumstances, and (2) denied a "court conference" because no defendant had been served with process (Doc. 17.) The Court, however, did not dismiss the case, "in the interest of resolving the case on the merits," but rather ordered Plaintiff to procure, within ten days, a summons from the Clerk's Office to serve every defendant. (*Id.*) The Order directed Plaintiff to ensure that service of process was completed for each defendant by a person over the age of 18 years who was not a party to this case, as the relevant rules require, and then to file with the Court documentation, such as an affidavit of service by the person who effected service, showing that service was completed. (*Id.*) The Order warned that failure to obtain service on each defendant and file the appropriate documentation within 40 days would result in dismissal of this case, without prejudice, without further notice. (*Id.*)

Plaintiff next filed a motion to appoint counsel (Doc. 18) and two additional filings (Docs. 19, 20). The Court denied Plaintiff's motion to appoint counsel without prejudice as premature. (Doc. 21.) As to Plaintiff's filing in Document 19, the Court ordered:

> Plaintiff appears to suggest that she cannot effect service of process because of poverty and requests that the Court order the U.S. Marshal to effect service on her behalf. Doc. 19. If Plaintiff wishes to proceed in this Court without paying fees and costs relating to service, she may move to proceed in forma pauperis. Forms for pro se applications for in forma pauperis status are available through the Clerk's Office. If the Court grants Plaintiff's request to proceed in forma pauperis, then the Court will order the U.S. Marshal to obtain service on the defendants. If the Court finds that Plaintiff is not entitled to proceed in forma pauperis, then Plaintiff alone will be responsible for obtaining service. Any motion for leave to proceed in forma pauperis must be filed, with the required supporting documentation, on or before July 20, 2023.

(Doc. 22.) As to Document 20, the Court ordered:

> The pro se plaintiff originally sued Julie Dalasta in state court. Defendant then removed this case to federal court. Plaintiff thereafter amended her complaint, specifying that she did not intend to sue Dalasta and naming two new defendants. Doc. 11. Now, 4.5 months after amending her complaint to exclude Dalasta

following Dalasta's filing of a motion to dismiss, the pro se plaintiff seeks to add Dalasta as a defendant once again, alleging that Dalasta destroyed certain documentation that Plaintiff sent her. Doc. 20. The Court construes Plaintiff's motion as one seeking to amend the complaint, but denies it for failure to include the proposed amended complaint. If Plaintiff wishes to sue Julie Dalasta in addition to the other Defendants, she must, on or before July 26, 2023, file a motion to amend the complaint that includes a proposed second amended complaint setting forth the allegations and claims against every defendant she seeks to sue.

(Doc. 23.)

On July 25, 2023, the case was transferred from Judge Nanette Laughrey to Judge Roseann Ketchmark. (Doc. 24.) Plaintiff did not file a motion to amend the complaint, but rather, filed an amended complaint on July 25, 2023, naming Julie Dalasta, Cosentino's Price Chopper, and "Price Chopper Insurance- Sentry at WI" (Sentry Insurance Company) as defendants. (Doc. 25.) Plaintiff did not file an application to proceed *in forma pauperis* but filed a financial affidavit. (Doc. 26.)

Defendants Cosentino Enterprises Inc. ("Cosentino's") and Defendant Sentry Insurance Company ("Sentry") filed motions to dismiss. The motions argued (1) that because Plaintiff had failed to properly serve Cosentino's and because Plaintiff's claims in federal court fail for lack of subject matter jurisdiction, the Court should dismiss the case with prejudice, and (2) that despite this Court's orders, Plaintiff had failed to properly serve Sentry, and Plaintiff's Second Amended Complaint, like her prior complaints, asserted no allegation and no plausible claim for relief against Sentry, so the Court should dismiss Plaintiff's Second Amended Complaint with prejudice. The Court found it lacked subject matter jurisdiction based on either a federal question or on diversity of citizenship of the parties and so dismissed the case.

Plaintiff then filed motions to reconsider.

## Discussion

In the first of Plaintiff's currently pending motions, she repeatedly argues she needed to appear in front of a judge and states that she is on medications. Plaintiff argues that she needed due process of law and her constitutional right. In her second filing Plaintiff argues again that she needs due process of law and her constitutional right, and she asserts that Julie Dalasta destroyed pictures and medical records and that Plaintiff's case got moved from Kansas City's 16th Judicial District to Federal Court.

In response, Defendant Sentry Insurance argues (1) the Court does not have subject matter jurisdiction based on either a federal question or diversity, (2) Plaintiff's argument that she has

3

been deprived of her rights to due process of law are not proper on reconsideration because it is a new legal argument or theory that she did not raise in her opposition to Defendants' motions to dismiss, and (3) Plaintiff has a lawsuit for her alleged injuries and damages pending in the Circuit Court of Jackson County, Missouri at Kansas City, Case No. 2316-CV05404, and so Plaintiff has a forum for her case to be litigated on the merits in keeping with her due process rights.

Federal courts have limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Generally speaking, federal courts have subject matter jurisdiction when a case involves (1) a federal question (that is, the civil action "aris[es] under the Constitution, laws, or treaties of the United States"), or (2) diversity of citizenship (that is, the civil action involves citizens of different states and the amount in controversy exceeds $75,000). *See* 28 U.S.C. §§ 1331, 1332(a). Plaintiff, as "[t]he party asserting [federal] jurisdiction[,] bears the burden of establishing that a cause lies within the federal court's limited jurisdiction." *Andron v. Gonzales*, 487 F. Supp. 2d 1089, 1091 (W.D. Mo. 2007) (citation omitted). Dismissal under Rule 12(b)(1) is appropriate, therefore, if Plaintiff "has failed to establish, on the face of the complaint or on the factual truthfulness of its averments that federal subject matter jurisdiction exists." *InfoDeli, LLC v. W. Robidoux, Inc.*, No. 4:15-CV-00364-BCW, 2016 WL 6963163, at *1 (W.D. Mo. Feb. 26, 2016) (citation and quotation marks omitted).

When reviewing a pro se complaint, the Court must construe it liberally. *Jordan v. Dep't of Pub. Works*, 502 F. Supp. 319, 320 (E.D. Mo. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 99 (1976)); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (citations and quotation marks omitted). However, while "pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Here, as with the Court's earlier consideration of Plaintiff's case and the parties' filings, Plaintiff does not make, and even under a liberal construction, the Court is unable to decipher a connection between Plaintiff's factual allegations of personal injury due to a slip and fall and any federal question arising under any federal law, treaty, or the Constitution. And in addition,

4

Plaintiff's allegations establish that there is not complete diversity that would give the Court subject matter jurisdiction.[2]

In previously dismissing Plaintiff's action, the Court concluded that because Plaintiff fails to allege facts supporting either federal question jurisdiction or diversity jurisdiction, the Court does not have subject matter jurisdiction. Nothing in Plaintiff's more recent filings, which the Court construes as motions to reconsider, change this conclusion. As such, Plaintiff's pending motions (Docs. 36, 37) are **DENIED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: December 27, 2023

---

[2] In Plaintiff's second amended form complaint (Doc. 25) she asserts that defendant "Cosentina, Price Chopper" is incorporated under the laws of the State of "Kansas MO" and has its principal place of business in the State of "MO."